```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE        *    MDL Docket No. 2004
                                      4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS    *
                                      Case Nos.
LIABILITY LITIGATION             *    4:13-cv-100 (Rector)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Beverly Ann Rector was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Rector brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Rector also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment as to Rector's breach of warranty and strict liability claims because they are barred by the statute of limitations. For the reasons set forth below, Mentor's partial summary judgment motion (ECF No. 42 in 4:13-cv-100) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

                         FACTUAL BACKGROUND

    On July 19, 2005, Dr. John Saba implanted Beverly Ann Rector with ObTape to treat her stress urinary incontinence.  On July 28, 2008, Rector visited Dr. Kevin Enger with complaints of abnormal vaginal discharge.  Dr. Enger discovered an erosion of the sling and told Rector that it would have to be surgically removed.  During the exam, Dr. Enger held up a mirror so that Rector could see the extruded portion of the sling.  Dr. Enger removed Rector's ObTape on September 11, 2008.

    Rector is an Missouri resident whose ObTape-related treatment took place in Missouri.  She asserts claims for negligence, strict liability, breach of express and implied warranties, common law fraud, constructive fraud, and negligent and intentional misrepresentation.

DISCUSSION

Rector filed her action in Minnesota state court on April 1, 2013, and Mentor removed it to the United States District Court for the District of Minnesota. The case was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Rector's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor seeks summary judgment on Rector's strict liability claim and her breach of warranty claims, contending that these claims are all time-barred. Rector does not contest Mentor's summary judgment motion as to her warranty claims. Summary judgment is therefore granted as to those claims.

The next question is whether Rector's strict liability claim is time-barred. The statute of limitations for a strict liability claim is four years. Minn. Stat. § 541.05 subd. 2 ("[A]ny action based on the strict liability of the defendant and arising from the manufacture, sale, use or consumption of a product shall be commenced within four years."). Under Minnesota law, "a claim involving personal injuries allegedly caused by a defective product accrues when two elements are

3

present: '(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission.'" *Klempka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992) (quoting *Hildebrandt v. Allied Corp.*, 839 F.2d 396, 398 (8th Cir. 1987)) (applying Minnesota law). "A plaintiff who is aware of both her injury and the likely cause of her injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause." *Id.* For example, in *Klempka*, the plaintiff suffered injuries and was diagnosed with chronic pelvic inflammatory disease, which her doctor said was caused by the plaintiff's intrauterine device. *Id.* at 169. Several years later, the plaintiff was told that she was infertile and that the intrauterine device caused her infertility. *Id.* Applying Minnesota law, the Eighth Circuit concluded that the plaintiff's cause of action accrued when she first learned that she had an injury (chronic pelvic inflammatory disease) that was caused by the intrauterine device. *Id.* at 170.

Here, Rector contends that she did not learn of a connection between ObTape and her injuries until 2012, when she saw a television commercial regarding mesh complications. But Rector knew that she suffered some injuries caused by ObTape well before then. In 2008, Rector visited her doctor with

4

symptoms of abnormal vaginal discharge. The doctor discovered an erosion of the sling, showed it to Rector, and told Rector that the sling would have to be surgically removed. Therefore, Rector knew by September 2008 that there was a likely connection between ObTape and some of her injuries. She did not file her complaint until more than four years later, in April 2013.

Rector argues that it is not enough that she made a connection between ObTape and some of her injuries. Rather, she appears to argue that she must have been on notice that a *defect* in ObTape caused her injuries. Rector did not point to any Minnesota authority holding that a plaintiff must be on actual notice that her specific injuries were caused by a product *defect.* Rather, the precedent establishes that a claim accrues when the plaintiff becomes aware of an injury and a causal connection between the injury and the defendant's product. *Klempka*, 963 F.2d at 170.

Rector nonetheless contends that one Eighth Circuit case and one Minnesota District Court case support denial of summary judgment on her strict liability claim. The Court disagrees. First, Rector points to *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917 (8th Cir. 2004). In *Tuttle*, the district court found that the decedent's smokeless tobacco product liability action accrued when the decedent discovered a lump in his cheek. The Eighth Circuit reversed because the decedent's doctor initially

5

told the decedent that the lump was caused by an oral infection and was treatable with antibiotics—not that it was oral cancer caused by the tobacco. *Id.* at 922.  Second, Rector points to *Huggins v. Stryker Corp.*, 932 F. Supp. 2d 972 (D. Minn. 2013). In *Huggins*, the plaintiff asserted that the defendant's pain pump caused a condition that resulted in degeneration of his cartilage.  The plaintiff's doctor discovered the loss of cartilage in 2002, but he did not connect the condition to the pain pump or tell the plaintiff that there was such a connection.  The district court noted that the "first article recognizing a potential causal link between pain pumps" and the plaintiff's condition was not published until 2007.  *Id.*

*Tuttle* and *Huggins* are distinguishable from Rector's case. In *Tuttle* and *Huggins*, the plaintiffs suffered injuries that could have been caused by the defendant's product OR could have been caused by something else, and the courts concluded that the cause of action did not accrue until the plaintiffs had some objective information suggesting a causal link between the product and the injury.  In contrast, here, Rector suffered injuries that were connected to an erosion of the ObTape, and she had enough information to know of a connection between ObTape and at least some of her injuries by the time of her excision procedure in September 2008.  A reasonable person in that situation would take some action to follow up on the cause

6

of her injuries and try to find out whether the injuries were caused by a problem with ObTape, a problem with the implant surgery, or some other problem.  But Rector pointed to no evidence that she took any action to investigate her potential claims even though she knew (or had enough information to know) there was a connection between her injuries and the ObTape.

Rector did not file her complaint within four years after her strict liability claim accrued.  That claim is therefore time-barred, and Mentor is entitled to summary judgment on that claim.

CONCLUSION

Mentor's motion for partial summary judgment (ECF No. 42 in 4:13-cv-100) is granted, and Rector's warranty and strict liability claims are dismissed.  Rector's claims for negligence, common law fraud, constructive fraud, and negligent and intentional misrepresentation remain pending for trial.

<u>Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.</u>

IT IS SO ORDERED, this 26th day of February, 2016.

                                     s/Clay D. Land
                                     CLAY D. LAND
                                     CHIEF U.S. DISTRICT COURT JUDGE
                                     MIDDLE DISTRICT OF GEORGIA